# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00506-CV

**City of Kyle, Texas, Appellant**

**v.**

**1200 S. Old Stagecoach Road, LLC, Appellee**

### FROM THE 22ND DISTRICT COURT OF HAYS COUNTY
### NO. 19-1492, THE HONORABLE SHERRI TIBBE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The City of Kyle, Texas has filed a motion to dismiss its appeal and this cause as moot. We will grant the motion in part and dismiss this appeal. We deny the request that we dismiss this cause entirely.

Appellee 1200 S. Old Stagecoach Road, LLC, filed this suit seeking declaratory, injunctive, and mandamus relief concerning aspects of Kyle's annexation of certain real property and subsequent acts and omissions regarding that real property; Appellee also requested attorney's fees incurred and costs of court. Appellant specifically requested relief from Kyle's Ordinance No. 1010. *See* Kyle, Tex., Ordinance No. 1010 (Sept. 4, 2018). Kyle filed a plea to the jurisdiction, then filed this interlocutory appeal of the denial of that plea.

Kyle seeks dismissal of this cause as moot because on June 6, 2023, it passed Ordinance No. 1268 which expressly repealed Ordinance No. 1010 and disannexed the real property described in Ordinance No. 1010. *See* Kyle, Tex., Ordinance No. 1268 (June 6, 2023).

Kyle contends that the repeal of the ordinance renders the case moot and that we must reverse any order or judgment and dismiss the entire cause. *See Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012). Kyle certified that it had tried but was unable to confer with Appellee's counsel regarding the motion. More than ten days have passed since Kyle filed its motion to dismiss, and Appellee has not filed a response to the motion.

We are persuaded that the repeal of Ordinance No. 1010 and the disannexation of the real property it affected have rendered Appellee's substantive request for relief moot. We grant the motion to dismiss this appeal and vacate the order denying the plea to the jurisdiction. However, the mooting of the dispute over the substantive requests for relief may or may not have resolved Appellee's requests for attorney's fees.

We grant the motion to dismiss in part, vacate the order denying the plea to the jurisdiction, and dismiss this appeal. We deny the motion to dismiss the entire cause. The dismissal of this interlocutory appeal returns power to the trial court to consider any remaining issues and claims.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Smith and Theofanis

Dismissed

Filed: July 14, 2023